UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LONZO HARRIS, | | CASE NO. 1:11-cv-00681-GBC (PC) |
| | Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | | (ECF No. 1) |
| S. ABDOU, et al., | | |
| | Defendants. | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

**SCREENING ORDER**

I.  **PROCEDURAL HISTORY**

Plaintiff Lonzo Harris ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on April 28, 2011 and consented to Magistrate Judge jurisdiction on May 9, 2011.  (ECF Nos. 1 & 5.)

Plaintiff's Complaint is now before the Court for screening.  For the reasons set forth below, the Court finds that Plaintiff has failed to state any claims upon which relief may be granted.

## II.   SCREENING REQUIREMENTS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

## III.   SUMMARY OF COMPLAINT

Plaintiff brings this action for violations of the Eighth Amendment.  Plaintiff names S. Abdou and the Institution ASP Medical Department as Defendants.

//

2

Plaintiff alleges as follows: On April 26, 2011, Defendant Abdou rescinded all of Plaintiff's chronos.

Plaintiff seeks declaratory relief, general damages, and punitive damages.

## IV. ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

### A. Eighth Amendment

Plaintiff appears to be alleging that Defendant Abdou violated his Eighth Amendment right to adequate medical care when he rescinded all of Plaintiff's chronos.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds,

WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference."  Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060).  In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

The objective component of deliberate indifference requires the showing of a serious medical need.  "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain'."  McGuckin, 974 F.2d at 1059 (9th Cir. 1992) (quoting Estelle, 429 U.S. at 104); see also Jett, 439 F.3d at 1096.  "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with treatment once prescribed."  Estelle, 429 U.S. at 104-105.  The objective element requires proof that the prisoner's serious medical needs were not timely and properly treated.

The subjective component of deliberate indifference considers the nature of the defendant's response to the serious medical need and whether the defendant had a culpable mental state, which is "'deliberate indifference' to a substantial risk of serious harm."  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998) (quoting Farmer, 511 U.S. at 835).  "[T]he official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer, 511 U.S. at 837.  "[T]he official's conduct must have been 'wanton,' which turns

4

not upon its effect on the prisoner, but rather, upon the constraints facing the official." Frost, 152 F.3d at 1128 (quoting Wilson v. Seiter, 501 U.S. 294, 302-303 (1991)). "This second prong--defendant's response to the need was deliberately indifferent--is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Id. Indications of a serious medical need include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." McGuckin, 974 F.2d at 1059-60 (citing Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir. 1990)).

If the claim alleges mere delay of treatment, the inmate must establish that the delay resulted in some harm. McGuckin, 974 F.2d at 1060 (citing Shapley v. Nevada Board of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985) (per curiam)). The delay need not cause permanent injury. McGuckin, 974 F.2d at 1060; see also Hudson v. McMillian, 503 U.S. 1, 10 (1992). Unnecessary infliction of pain is sufficient to satisfy this requirement. Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980)

(citing Estelle, 429 U.S. at 105-06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050, overruled on other grounds, WMX, 104 F.3d at 1136. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff only states that Defendant Abdou has rescinded his chronos. Plaintiff does not state anything else regarding this claim. Thus, Plaintiff's claim is dismissed and Plaintiff is given leave to amend. If Plaintiff would like to amend and attempt to state such a claim, he must follow the legal standard given above and provide more description regarding his claims. For example, what the chronos were for, why Defendant rescinded them, whether Plaintiff had been examined first, etc.

**B.    Personal Participation**

Plaintiff has not alleged facts demonstrating that Defendant Institution ASP Medical Department personally acted to violate his rights.  Plaintiff needs to specifically link each Defendant to a violation of his rights.  Plaintiff does not include Defendant Institution ASP Medical Department in the description of events.  Under Section 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff shall be given one final opportunity to file a third amended complaint curing the deficiencies in this respect.

The Court also notes that, while Section 1983 is not itself a source of substantive rights, it provides a cause of action against any *person* who, under color of law, deprives an individual of federal constitutional rights or limited federal statutory rights. 42 U.S.C. § 1983; Grahm v. Connor, 490 U.S. 386, 393-94 (1989).  The term "persons" encompasses state and local officials sued in their individual capacities, private individuals, and entities which act under the color of state law and local governmental entities.  Vance v. Cnty. of Santa Clara, 928 F.Supp. 993, 995-96 (N.D.Cal. 1996).  However, the entities named above are all municipal departments and sub-units of local governments and are not generally considered "persons" within the meaning of Section 1983.  See United States v. Kama, 394 F.3d 1236, 1239 (9th Cir. 2005) (Ferguson, J., concurring) (noting that municipal police departments and bureaus are generally not considered "persons" within the meaning of Section 1983); Vance, 928 F.Supp. at 995-96 (dismissing sua sponte Santa Clara Department of Corrections as improper defendant); Jewett v. City of Sacramento Fire Dep't, 2010 WL 3212774, *2 (E.D. Cal. Aug. 12, 2010) (finding fire department not a "person" under Section 1983 and dismissing suit against it); Wade v. Fresno Police Dep't,

2010 WL 2353525, *4 (E.D. Cal. June 9, 2010) (finding police department is not a "person" under Section 1983); Morris v. State Bar of Cal., 2010 WL 966423, *3 (E.D. Cal. Mar. 11, 2010) (finding that a fire department is a municipal department and therefore not a "person" under Section 1983); Sanders v. Aranas, 2008 WL 268972, *3 (E.D. Cal. Jan. 29, 2008) (finding Fresno Police Department improper defendant because it is a subdivision of the City of Fresno); Brockmeier v. Solano Cnty. Sheriff's Dep't, 2006 WL 3760276, *4 (E.D. Cal. Dec. 18, 2006) (dismissing Sheriff's Department as an improperly named defendant for purposes of Section 1983).

Therefore, it appears that Defendant Institution ASP Medical Department is not a properly named Defendant under Section 1983 and should be omitted from any amended complaint.

## V. CONCLUSION AND ORDER

The Court finds that Plaintiff's Complaint fails to state any Section 1983 claims upon which relief may be granted. The Court will provide Plaintiff time to file an amended complaint to address the potentially correctable deficiencies noted above. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). In his Amended Complaint, Plaintiff must demonstrate that the alleged incident or incidents resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new defendants or claims. Plaintiff should focus the

amended complaint on claims and defendants discussed herein.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

2. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:11-cv-681-GBC (PC); and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:  September 16, 2011

UNITED STATES MAGISTRATE JUDGE