1
2
3
4
5
6 # UNITED STATES DISTRICT COURT
7 ## EASTERN DISTRICT OF CALIFORNIA
8
9 LONZO HARRIS,                                    CASE NO. 1:11-cv-0681-GBC (PC)

              Plaintiff,                          ORDER DISMISSING ACTION, WITH
10                                                PREJUDICE, FOR FAILURE TO STATE A
                                                  CLAIM UPON WHICH RELIEF MAY BE
11    v.                                          GRANTED

12 S. ABDOU, et al.,                              Doc. 7

              Defendants.
13 _____/
14
15         **I. Procedural History, Screening Requirement, and Standard**

16         On April 28, 2011, Plaintiff Lonzo Harris ("Plaintiff"), a state prisoner proceeding pro se and

17 in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging Dr. Abdou

18 rescinded medical chronos for "allowances" and his walking cane from 2002. Doc. 1. On September

19 19, 2011, the Court issued a screening order, dismissing Plaintiff's complaint, with leave to amend.

20 Doc. 6. On October 3, 2011, Plaintiff filed an amended complaint. Doc. 7.

21         The Court is required to screen complaints brought by prisoners seeking relief against a

22 governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

23 Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally

24 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

25 monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

26 "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

27 dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

28 claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1  A complaint must contain "a short and plain statement of the claim showing that the pleader

2  is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

3  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

4  do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*,

5  550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I*

6  *v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While factual allegations are accepted

7  as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

8  While prisoners proceeding pro se in civil rights actions are still entitled to have their

9  pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is

10  now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under § 1983, plaintiff must

11  demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v.*

12  *Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations

13  sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*,

14  572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this

15  plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

16  Section 1983 provides a cause of action for the violation of constitutional or other federal

17  rights by those acting under color of state law. *E.g.*, *Patel v. Kent School Dist.*, 648 F.3d 965, 971

18  (9th Cir. 2011); *Jones*, 297 F.3d at 934. For each defendant named, plaintiff must show a causal link

19  between the violation of his rights and an action or omission of the defendant. *Iqbal*, 556 U.S. at

20  678-79; *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554,

21  570 (9th Cir. 2009). There is no respondeat superior liability under § 1983, and each defendant may

22  only be held liable for misconduct directly attributed to him or her. *Iqbal*, 556 U.S. at 677-79; *Ewing*

23  *v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).

24  ## II. Plaintiff's Amended Complaint

25  In Plaintiff's amended complaint, he names S. Abdou, California Department of Corrections

26  and Rehabilitation ("CDCR"), and Avenal State Prison Medical Review Board Members. Am.

27  Compl at 1, 3-4, Doc. 7.

28  On April 25, 2011, Plaintiff's rights were violated by CDCR, Avenal State Prison Medical

1   Review Board Members, and Dr. Abdou, which caused him pain and suffering, emotional distress,

2   and mental anguish. *Id.* at 5. On April 26, 2011, Dr. Abdou rescinded medical chronos for "serious

3   medical conditions" from when Plaintiff was diagnosed in 2002. *Id.* Plaintiff has been denied chrono

4   "allowances" and his walking cane. *Id.* The medical board members and review staff allowed his

5   chronos to be rescinded. *Id.* Plaintiff attaches his chronos from 2008 and 2011. *Id.* at 8-10.

6        For relief, Plaintiff seeks damages, future medical care, and employment retraining. *Id.* at 6.

7                    **III. Legal Standard and Analysis for Plaintiff's Claims**

8   **A. Eighth Amendment Deliberate Indifference to Serious Medical Need and Linkage**

9                                    **1. Legal Standard**

10        "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

11   must show 'deliberate indifference to serious medical needs.'" *Jett*, 439 F.3d at 1096 (quoting *Estelle*

12   *v. Gamble*, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the

13   plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's

14   condition could result in further significant injury or the unnecessary and wanton infliction of pain,'"

15   and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096

16   (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*,

17   *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)).

18        Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's

19   pain or possible medical need, and harm caused by the indifference." *Id.* (citing *McGuckin*, 974 F.2d

20   at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or

21   intentionally interfere with medical treatment, or it may be shown by the way in which prison

22   physicians provide medical care." *Id.* (citing *McGuckin* at 1060). Where a prisoner is alleging a delay

23   in receiving medical treatment, the delay must have led to further harm in order for the prisoner to

24   make a claim of deliberate indifference to serious medical needs. *McGuckin* at 1060 (citing *Shapely*

25   *v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)).

26        Under § 1983, Plaintiff must link the named defendants to the participation in the violation

27   at issue. *Iqbal*, 556 U.S. at 678-79; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th

28   Cir. 2010); *Ewing*, 588 F.3d at 1235; *Jones*, 297 F.3d at 934. Liability may not be imposed on

1    supervisory personnel under the theory of respondeat superior, *Iqbal*, 556 U.S. at 676; *Ewing*, 588

2    F.3d at 1235, and administrators may only be held liable if they "participated in or directed the

3    violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040,

4    1045 (9th Cir. 1989); *accord Starr*, 652 F.3d at 1205-08; *Corales*, 567 F.3d at 570; *Preschooler II*

5    *v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*,

6    126 F.3d 1189, 1204 (9th Cir. 1997).

7         Plaintiff may not seek to impose liability on defendants merely upon position of authority,

8    based on vague or other conclusory allegations. Plaintiff fails to allege sufficient facts to support a

9    plausible claim based on the knowing disregard of a substantial risk of harm to Plaintiff's health.

10    Medical malpractice does not become a constitutional violation merely because the victim is a

11    prisoner, and *Estelle*, 429 U.S. at 106; *McGuckin*, 974 F.2d at 1059, and isolated occurrences of

12    neglect do not rise to the level of an Eighth Amendment violation, *O'Loughlin v. Doe*, 920 F.2d 614,

13    617 (9th Cir. 1990); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

14                           **2. Analysis**

15         Plaintiff fails to state a cognizable Eighth Amendment claim. Plaintiff alleges Dr. Abdou

16    rescinded medical chronos for "allowances" and his walking cane from 2002. Am. Compl at 5, Doc.

17    7.

18         Neither an inadvertent failure to provide adequate medical care, nor mere negligence or

19    medical malpractice, nor a mere delay in medical care, nor a difference of opinion over proper

20    treatment, constitutes an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105-06; *Sanchez v.*

21    *Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shapley v. Nev. Bd. of State Prison Comm'r*, 766 F.2d 404,

22    407 (9th Cir. 1984). Moreover, <u>the Constitution does not require that prison doctors give inmates</u>

23    <u>every medical treatment they desire</u>. *Bowring v. Godwin*, 551 F.2d 44, 47-48 (4th Cir. 1977)

24    (emphasis added). To establish a constitutional right to treatment under the Eighth Amendment, an

25    inmate must show that a physician or other health care provider exercising ordinary skill and care

26    at the time of observation would conclude with reasonable medical certainty that: (1) the prisoner's

27    symptoms evidenced a serious disease or injury; (2) the disease or injury was curable or could be

28    substantially alleviated; and (3) the potential for harm to the prisoner by reason of delay or denial

of care would be substantial. *Id.* "The courts will not intervene upon allegations of mere negligence, mistake or difference of opinion." *Id.* at 48; *see also Sanchez*, 891 F.2d at 242 (emphasis added).

Plaintiff alleges it was Dr. Dr. Abdou's medical opinion that Plaintiff no longer needed medical chronos from 2002. A difference of medical opinion does not state a claim for deliberate indifference. *See Estelle*, 429 U.S. at 105-06.

Neither negligence nor gross negligence is actionable under § 1983 in the prison context. *See Farmer*, 511 U.S. at 835-36 & n.4; *Wood*, 900 F.2d at 1334 (gross negligence insufficient to state claim for denial of medical needs to prisoner). Nor is negligence actionable under § 1983 outside of the prison context. The Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process. *See County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998). The Eighth Amendment's prohibition of cruel and unusual punishment applies to prison medical care (and the Fourteenth Amendment's right to due process applies to jail medical care); however, an Eighth Amendment or Fourteenth Amendment violation only occurs if there is deliberate indifference to a known risk to an inmate's serious medical condition.

Plaintiff alleges that defendants have refused to continue his medical chronos from 2002. Plaintiff is not permitted to dictate his medical treatment. *Bowring*, 551 F.2d at 47-48. As a matter of law, differences of opinion between prisoner and prison doctors fails to show deliberate indifference to serious medical needs. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (emphasis added).

Plaintiff again attempts to name an improper defendant, the Avenal State Prison Medical Review Board Members. Plaintiff fails to link the "Board Review Members" to his allegations of deliberate indifference to medical need. Plaintiff failed to state that a named defendant actually knew and disregarded Plaintiff's serious medical need pursuant to *Iqbal*, 556 U.S. at 678-79; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21; *Ewing*, 588 F.3d at 1235; and *Jones*, 297 F.3d at 934.

Thus, even with liberal construction, Plaintiff's complaint does not allege deliberate indifference to a medical need because neither mere negligence or medical malpractice, nor a mere delay in medical care, nor a difference of opinion over proper treatment, constitutes an Eighth

1  Amendment violation. *See Estelle*, 429 U.S. at 105-06 (emphasis added); *Sanchez*, 891 F.2d at 242;

2  *Shapley*, 766 F.2d at 407. Moreover, the Constitution does not require that prison doctors give

3  inmates every medical treatment they desire. *Bowring*, 551 F.2d at 47-48. The complaint will be

4  dismissed for failure to state a claim upon which relief may be granted.

5  ## B. Inmate Appeals Process

6  Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims

7  for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a

8  procedural right only, it does not confer any substantive right upon the inmates." *Buckley v. Barlow*,

9  997 F.2d 494, 495 (8th Cir. 1993) (citing *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982));

10  *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of

11  appeals because no entitlement to a specific grievance procedure); *Massey v. Helman*, 259 F.3d 641,

12  647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); *Mann*

13  *v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty

14  interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez*, 568

15  F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a

16  prisoner's administrative appeal cannot serve as the basis for liability under § 1983. *Buckley*, 997

17  F.2d at 495. Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief

18  under § 1983 based upon the inmate appeals process.

19  ## C. Violation of State Prison Rules and Regulations

20  Violations of state prison rules and regulations, without more, do not support any claims

21  under section 1983. *Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001); *Sweaney v. Ada County,*

22  *Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997). Only if the events complained of rise to the level of a

23  federal statutory or constitutional violation may Plaintiff pursue them under section 1983. *Patel*, 648

24  F.3d at 971; *Jones*, 297 F.3d at 934. Thus, complaints that prison officials violated state regulations

25  regarding the inmate appeals process or prison disciplinary proceedings, for example, will not

26  support a claim for denial of due process under federal law.

27  ## D. Eleventh Amendment Immunity

28  In Plaintiff's complaint, he seeks the Court to order relief from the California Department

1  of Corrections and Rehabilitation ("CDCR"). As a state agency, the CDCR is entitled to Eleventh

2  Amendment immunity from suit. *Aholelei v. Dept. of Public Safety*, 488 F.3d 1144, 1147 (9th Cir.

3  2007). Therefore, the California Department of Corrections and Rehabilitation is an improper

4  defendant in this action and entitled to dismissal. Accordingly, Plaintiff fails to state a cognizable

5  claim for relief under § 1983 against the California Department of Corrections and Rehabilitation.

6  **E. Intentional and Negligent Infliction of Emotional Distress**

7  Under California law, the elements of intentional infliction of emotional distress are: (1)

8  extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard

9  of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme

10  emotional distress; and (3) actual and proximate causation of the emotional distress by the

11  defendant's outrageous conduct. *Corales v. Bennett*, 567 F.3d 554, 571 (9th Cir. 2009); *Tekkle v.*

12  *United States*, 567 F.3d 554, 855 (9th Cir. 2007); *Simo v. Union of Needletrades, Industrial &*

13  *Textile Employees*, 322 F.3d 602, 621-22 (9th Cir. 2003). Conduct is outrageous if it is so extreme

14  as to exceed all bounds of that usually tolerated in a civilized community. *Corales*, 567 F.3d at 571;

15  *Tekkle*, 511 F.3d at 855; *Simo*, 322 F.3d at 622.

16  The negligent infliction of emotional distress is not an independent tort but the tort of

17  negligence to which the traditional elements of duty, breach of duty, causation and damages apply.

18  *Wong v. Tai Jin*, 117 Cal. Rptr.3d 747, 767 (Cal. Ct. App. 2010); *Potter v. Firestone Tire & Rubber*

19  *Co.*, 6 Cal.4th 965, 984 (Cal. 1993); *Burgess v. Superior Court*, 2 Cal.4th 1064, 1072 (Cal. 1992).

20  Where there is no personal, physical injury, the emotional distress must have been serious, which

21  is the functional equivalent to severe emotional distress. *Schwarz v. Lassen County ex rel. Lassen*

22  *County Jail (Detention Facility)*, 2011 WL 3319626, at *9 (E.D. Cal. Aug. 1, 2011) (citing *Wong*,

23  117 Cal. Rptr.3d at 768).

24  Plaintiff fails to state a claim for intentional infliction of emotional distress, as he does not

25  allege conduct that is so outrageous and so extreme as to exceed all bounds of that usually tolerated

26  in a civilized community. *Corales*, 567 F.3d at 571; *Tekkle*, 511 F.3d at 855; *Simo*, 322 F.3d at 622.

27  Plaintiff also fails to state a claim for negligent infliction of emotional distress, as he does not allege

28  conduct that would cause severe emotional distress. *Schwarz*, 2011 WL 3319626, at *9 (citing *Wong*,

1   117 Cal. Rptr.3d at 768). Accordingly, the Court finds that Plaintiff fails to state a cognizable claim

2   for intentional or negligent infliction of emotional distress against Defendants.

3                                    **IV. Conclusion and Order**

4          Plaintiff's amended complaint fails to state any claims upon which relief may be granted.

5   Plaintiff was previously notified of the deficiencies in his claims and granted leave to amend, but he

6   was unable to cure the deficiencies. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v.*

7   *Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Based on the record in this case, the Court finds

8   that further leave to amend is not warranted.

9          Accordingly, pursuant to 28 U.S.C. §§ 1915A and 1915(e), the Court HEREBY ORDERS

10  that this action be DISMISSED, with prejudice, based on Plaintiff's failure to state any claims upon

11  which relief may be granted under § 1983.

12

13  IT IS SO ORDERED.

14

Dated:    December 17, 2012

15                                              UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28